IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

V.                         NO. 05-20079-001

MIGUEL ANGEL FACUNDO-GUZMAN                                   DEFENDANT

### MEMORANDUM OPINION AND ORDER

On this 13th day of June 2006, there comes on for consideration the Motion for Judgment of Acquittal (Doc. #42) filed on June 8, 2006, by Defendant and the Government's Response (Doc. 43). Defendant contends that a judgment of acquittal is warranted because the Government failed to establish the necessary elements of the offense, specifically that Defendant was an alien at the time alleged in the Indictment. For the reasons set forth herein, the motion is DENIED.

### Background

On November 17, 2005, an indictment was filed against Defendant charging him with illegally re-entering the United States after being deported. Defendant pleaded not guilty, and the case proceeded to trial on June 6, 2006. At the conclusion of the trial, the jury found Defendant guilty. Defendant now moves the Court to set aside the verdict and enter an acquittal as the evidence was insufficient to support his conviction.

### Discussion

**Motion for Judgment of Acquittal**

1

Rule 29 of the Federal Rules of Criminal Procedure provides that a defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict and that the court may set aside the verdict and enter an acquittal. When considering a motion for judgment of acquittal, the verdict will be upheld as long as any interpretation of the evidence, regardless of countervailing evidence, would allow a reasonable-minded juror to find the defendant guilty beyond a reasonable doubt. *United States v. White*, 81 F.3d 80, 82 (8th Cir. 1996). The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the jury's verdict. *United States v. Madrid*, 224 F.3d 757, 761 (8th Cir. 2000). Furthermore, it is permissible for a verdict to rely either completely or partially on circumstantial evidence. *United States v. Alvarado-Sandoval*, 997 F.2d 491, 493 (8th Cir. 1993).

To establish Defendant's guilt beyond a reasonable doubt, the Government was required to prove: (1) the Defendant was an alien at the time alleged in the Indictment; (2) the Defendant had previously been deported from the United States; (3) the Defendant knowingly reentered and/or was found to be voluntarily in the United States; and, (4) the Defendant had not received the consent of the Secretary of Homeland Security to apply for readmission to the United States. Defendant maintains that the Government failed to prove that he was an alien as the Government's primary evidence

AO72A
(Rev. 8/82)

was Defendant's own admission which required some independent corroborating evidence in order to serve as a basis for a conviction. In support of his position, Defendant cites *United States v. Hernandez*, 105 F.3d 1330 (9th Cir. 1997).

The Court agrees that neither a defendant's admission that he is an alien nor evidence of a prior deportation is by itself sufficient evidence to prove alienage; however, evidence of prior deportations when coupled with a defendant's admission and/or other corroborating evidence is sufficient to establish alienage. *See Hernandez, supra. See also, United States v. Ortiz-Lopez*, 24 F.3d 53 (9th Cir. 1994); *United States v. Sotelo*, 109 F.3d 1446 (9th Cir. 1997); *United States v. Contreras*, 63 F.3d 852 (9th Cir. 1995). During the trial, the Government introduced evidence of Defendant's signed, sworn statement indicating he was a Mexican citizen along with his admission to Van Buren Police Department Officer Mike Bowman. Further, in his sworn statement, Defendant admitted he entered the United States at the "hills in San Isidrio" (sic) which is not an established border checkpoint. Finally, based upon Defendant's fingerprints, the Government obtained Defendant's Alien Registration file that contained evidence of four prior instances of Defendant being deported from the United States to Mexico.

The Government presented sufficient evidence to prove alienage beyond a reasonable doubt because a rational trier of fact could conclude that Defendant was an alien from the documents in the A-

AO72A
(Rev. 8/82)

file, including Defendant's sworn statement, and the manner in which he entered the United States. When viewed in the light most favorable to the jury's verdict, the evidence introduced during the trial and all reasonable inferences therefrom would allow a reasonable-minded juror to find the Defendant guilty beyond a reasonable doubt. Therefore, Defendant's motion for judgment of acquittal based on insufficiency of the evidence must be denied.

**Conclusion**

For the foregoing reasons, it is hereby ordered that Defendant's Motion for Judgment of Acquittal should be and hereby is DENIED.

IT IS SO ORDERED.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)